1  Clifford J. Bourgeois
2  6460 Convoy Ct., Spc 220
   San Diego, CA  92117
3  joebourg62@aol.com
   (858) 229-6016
4
5
6
7



FILED

JUL 2 4 2015

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8          **district court of the United States**
9          **at the Southern district of California**

10
11 | **Clifford J Bourgeois,** | **Case No.**  '15 CV 1655 GPC BLM |
      *Plaintiff*
12
      vs.
13 **OCWEN Loan Servicing, LLC;** | **Claim for Damages**
14
15 **Ahmad Ansari, Debt Collector,**
      **OCWEN Loan Servicing, LLC;** | **Trial by Jury Demanded**
16 **Amit Mishra, Debt Collector,**
      **OCWEN Loan Servicing, LLC;**
17
18 **Tammy Versluis, Debt Collector,**
      **OCWEN Loan Servicing, LLC;**
19 **Western Progressive, LLC;**
   **The Law Offices of Les Zieve**
20      *Defendants*
21
22
23
24      <u>**NATURE OF THIS CLAIM/COMPLAINT**</u>
25
26 **1.**  The United States Congress has found abundant evidence of the use of
   abusive, deceptive, and unfair debt collection practices by many debt
27
   collectors, and has determined that abusive debt collection practices
28

Bourgeois v OCWEN, et al (Original Complaint) - 1

1    contribute to the number of personal bankruptcies, to marital instability, to

2    the loss of jobs, and to invasions of individual privacy. Congress wrote the

3    Fair Debt Collection Practices Act, *15 USC 1692 et seq.* (hereinafter

4    "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

5    to insure that those debt collectors who refrain from using abusive

6    debt collection practices are not competitively disadvantaged, and to

7    promote consistent State action to protect consumers against debt collection

8    abuses.

9    2.    The California legislature has determined that the banking and credit system

10   and grantors of credit to consumers are dependent upon the collection of just

11   and owing debts and that unfair or deceptive collection practices undermine

12   the public confidence that is essential to the continued functioning of

13   the banking and credit system and sound extensions of credit to consumers.

14   The Legislature has further determined that there is a need to ensure

15   that debt collectors exercise this responsibility with fairness, honesty

16   and due regard for the debtor's rights and that debt collectors must be

17   prohibited from engaging in unfair or deceptive acts or practices.

18   The California legislature wrote The Rosenthal Fair Debt Collections Act,

19   *California Civil Code (CCC) 1788, et seq.* (hereinafter Rosenthal Act).

20   3.    The Congress makes the following findings: (1) The banking system is

21   dependent upon fair and accurate credit reporting. Inaccurate credit reports

22   directly impair the efficiency of the banking system, and unfair credit

23   reporting methods undermine the public confidence which is essential to the

24   continued functioning of the banking system. (2) An elaborate mechanism

25   has been developed for investigating and evaluating the credit worthiness,

26   credit standing, credit capacity, character, and general reputation of

27   consumers. (3) Consumer reporting agencies have assumed a vital role in

28   assembling and evaluating consumer credit and other information on

1  consumers. (4) There is a need to insure that consumer reporting agencies

2  exercise their grave responsibilities with fairness, impartiality, and a respect

3  for the consumer's right to privacy.

4  (b)Reasonable procedures.  It is the purpose of this title to require that

5  consumer reporting agencies adopt reasonable procedures for meeting the

6  needs of commerce for consumer credit, personnel, insurance, and other

7  information in a manner which is fair and equitable to the consumer, with

8  regard to the confidentiality, accuracy, relevancy, and proper utilization of

9  such information in accordance with the requirements of this title.  Congress

10  enacted the Fair Credit Reporting Act, *15 USC 1681 et seq.*  (hereinafter

11  "FCRA") to protect consumers from inaccurate credit reporting.

12  **4.**  This Claim for Damages is brought by an individual Plaintiff against all

13  Defendants for actual, statutory, punitive damages, costs and attorney's fees

14  pursuant to the FDCPA, the Rosenthal Act and the FCRA.

15  **5.**  Plaintiff seeks to recover monetary damages for Defendants' violations of

16  the FDCPA, the Rosenthal Act, the FCRA and trebling of total damages

17  pursuant to CCC 3445.

18  <u>**JURISDICTION AND VENUE**</u>

19  **6.**  This court has jurisdiction pursuant to Article 3 of the Constitution, *15 USC*

20  *1692(k)d, 28 USC 1331, 15 USC 1681p and CCC 1788.30f.*

21  **7.**  Plaintiff resides in San Diego County, California.  Defendants' conduct

22  causing this complaint occurred in San Diego County, California.

23  **8.**  Venue is proper in the southern district of California.

24  <u>**PARTIES**</u>

25  **9.**  The Plaintiff in this lawsuit is Clifford J. Bourgeois, a natural person

26  residing in San Diego County, California and a consumer as defined by *15*

27  *USC 1692(a)3* and *15 USC 1681a(c)* and a debtor as defined by *CCC*

28  *1788.2(h).*

10. Defendant **OCWEN Loan Servicing, LLC** (OCWEN) is a debt collector doing business in California with an offices in West Palm Beach, FL and Waterloo, IA.

11. Defendant **Amit Mishra** (Amit) is a debt collector employed by OCWEN.

12. Defendant **Ahmad Ansari** (Ahmad) is a debt collector employed by OCWEN.

13. Defendant **Tammy Versluis** (Tammy) is a debt collector employed by OCWEN located in Waterloo, IA.

14. Defendant **Western Progressive, LLC** (Western) is a debt collector, working on OCWEN's behalf, doing business in California with an office located at 30 Corporate Park, Ste. 450, Irvine, CA 92606.

15. Defendant **Law Offices of Les Zieve** (Zieve) is a debt collector, working on OCWEN's and Western's behalf, doing business in California with an office located at 30 Corporate Park, Ste. 450, Irvine, CA 92606.

16. Defendants are persons who, at all relevant times, engaged in, by using the mails and telephone, the collection of an alleged debt as defined by *15 USC 1692a(5)* and *CCC 1788.2(d)*.

17. Defendants are "debt collectors" as defined by *15 USC 1692a(6) and CCC 1788.2(b)*.

18. Defendant OCWEN is a debt collector as they fail the "loan servicer exception" as defined by *15 USC 1692a(6)F(iii)*.

19. Defendant OCWEN is a "furnisher of information" as defined by *15 USC 1681s2*.

## FACTUAL ALLEGATIONS

20. On April 17, 2012, Plaintiff received a dunning letter, dated April 11, 2012, from OCWEN demanding payment for an alleged debt of $139,142.25.

21. On April 27, 2012, Plaintiff sent a Dispute/Debt Validation letter to OCWEN, which OCWEN received on April 30, 2012.

22. From April 30, 2012 to the present, OCWEN has **never** validated the alleged debt amount they claim owed.

23. Within the last 12 months, OCWEN has sent no less than 6 letters demanding payment and is reporting trade lines on all three credit reporting agencies. OCWEN has continued collection activity without properly validating the alleged debt. Consequently, Defendant OCWEN has violated *15 USC 1692g(b).*

24. On 3-3-2015, Plaintiff received a demand letter from Defendant Amit disguised as a loan modification application. Consequently, Defendant Amit has violated *15 USC 1692g(b).*

25. On 5-17-2015, 5-19-2015 and 5-26-2015, Plaintiff received 3 demand letters from Defendant Ahmad. Consequently, Defendant Ahmad has violated *15 USC 1692g(b).*

26. On 6-10 -2015, Plaintiff received a demand letter from Defendant Tammy. Consequently, Defendant Tammy has violated *15 USC 1692g(b).*

27. In January, 2013, Plaintiff sent a dispute/debt validation letter to Defendants Zieve and Western. On July 15, 2015, Plaintiff received a demand letter from Defendants Zieve and Western. Plaintiff has never received any documentation verifying or validating the alleged debt amount. Consequently, Defendants Zieve and Western have violated *15 USC 1692g(b).*

28. The demand letters, Exhibits C and E, received by Plaintiff from Defendants OCWEN, Amit and Ahmad include the logo, motto and web address of the "Making Home Affordable Program." These demand letters give the least sophisticated consumer the false impression that the United States Government has authorized and approved a requirement of paying an unvalidated debt. Consequently, Defendants OCWEN, Amit and Ahmad have violated *15 USC 1692e(9).*

29. Because all Defendants violated certain portions of the FDCPA and as these portions are incorporated by reference in the Rosenthal Act, all Defendants are in violation of *CCC 1788.17.*

30. In late 2012, Plaintiff disputed OCWEN's trade lines with the 3 major credit reporting agencies  In December, 2014, OCWEN removed my disputes noting my dispute has been "resolved".  OCWEN has never provided the results of ANY investigation to the Plaintiff, nor has Plaintiff and OCWEN agreed to ANY mutual assent to resolve the dispute.  Plaintiff continues to dispute the OCWEN trade line as the dispute has never been "resolved."

31. Defendant OCWEN failed to perform a reasonable reinvestigation and improperly removed a consumer initiated dispute on the trade line.  They have knowingly and willfully continued to furnish unverified, unauthenticated and inaccurate information to the credit reporting agencies for the past 24 months.  Consequently, Defendant OCWEN violated *15 USC 1681s-2(b).*

32. Defendants conduct of multiple violations of Federal and State Laws has and is causing the Plaintiff the following damages:
    a. personal expenses related to seeking remedy in this proceeding
    b. physical injury to Plaintiff resulting in emotional distress, frustration, mental anguish, embarrassment, humiliation and loss of happiness.
    c. a diminished credit score and credit reputation which may hinder Plaintiff's ability to obtain credit in the future.

33. *15 USC 1692a(3)* states in part;
    *(3) The term "consumer" means any natural person obligated or allegedly obligated to pay a debt.*

34. *15 USC 1692a(5)* states in part;
    *(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money,*

*property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.*

35. ***15 USC 1692a(6)*** states in part;

   *(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.*

36. ***15 USC 1692a(6)F(iii)*** states in part;

   *(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include –*

   *(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity*

   *(iii) concerns a debt which was **not** in default at the time it was obtained by such person.*

37. ***15 USC 1692g(b)*** states in part;

   *Disputed debts*

   *If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt.. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) **unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed** or that the consumer requests the name and address of the original creditor.*

**38.** *CCC 1788.2(b)* states in part:

> *(b) the term "debt collection" means any act or practice in connection with the collection of consumer debts.*

**39.** *CCC 1788.2(d)* states in part:

> *(d) The term "debt" means money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person.*

**40.** *CCC 1788.2h* states in part:

> *(h) The term "debtor" means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.*

**41.** *CCC 1788.17* states in part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code...*

**42.** *15 U.S.C. 1681a* states in part:

> *Definitions;*
> *(c) The term "consumer" means an individual.*

**43.** *15 USC 1681s-2(b)* states in part:

> *(b) Duties of Furnishers of Information upon Notice of Dispute*
> *(1) In general. After receiving notice pursuant to section 611(a)(2) [1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall -*
> *(E) if an item of information disputed by a consumer is found to be **inaccurate or incomplete** or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-- (i) modify that item of information; **(ii) delete that item of information;** or (iii) permanently block the reporting of that item of information.*

1

## COUNT I OF CLAIM

2

### Violations of the FDCPA

3

**(Against each Defendant)**

4  **44.**  Plaintiff repeats and re-alleges each and every allegation stated above.

5  **45.**  Defendants' aforementioned acts constitute numerous and multiple knowing

6  and/or willful violations of the FDCPA.

7  WHEREFORE, Plaintiff prays for relief and judgment as follows:

8  a.  Adjudging that Defendants willfully violated the FDCPA;

9  b.  Awarding Plaintiff statutory damages, pursuant to *15 USC 1692k*, of

10  $1,000 per Defendant;

11  c.  Awarding Plaintiff actual damages of $1,000,000, Attorney's fees and

12  costs pursuant to *15 USC 1692k.*

13  Awarding any injunctive or further relief the court deems proper

14  including, but not limited to -

15  1 – the issuance of an injunction against Defendants to cease

16  collection activity until the alleged debt is properly validated and,

17  2 – OCWEN removing their Trade Line from the Plaintiff's Credit

18  Report.

19

## COUNT II OF CLAIM

20

### Violations of the Rosenthal Act

21

**(Against each Defendant)**

22  **46.**  Plaintiff repeats and re-alleges each and every allegation stated above.

23  **47.**  Defendants' aforementioned acts constitute numerous and multiple knowing

24  and/or willful violations of the Rosenthal Act.

25  WHEREFORE, Plaintiff prays for relief and judgment as follows:

26  a.  Adjudging that Defendants willfully violated the Rosenthal Act;

27  b.  Awarding Plaintiff statutory damages, pursuant to *CCC 1788.30b*, of

28  $1,000 per Defendant;

1       c. Awarding Plaintiff actual damages of $1,000,000, Attorney's fees and

2          costs pursuant to *CCC 1788.*

3        Awarding any injunctive or further relief the court deems proper

4        including, but not limited to -

5           1 – the issuance of an injunction against Defendants to cease

6             collection activity until the alleged debt is properly validated and,

7           2 – OCWEN removing their Trade Line from the Plaintiff's Credit

8             Report.

9                     **COUNT III OF CLAIM**

10                  **Violations of the FCRA**

11                   **(Against OCWEN)**

12  **48.** Plaintiff repeats and re-alleges each and every allegation stated above.

13  **49.** Defendants' aforementioned acts constitute numerous and multiple knowing

14      and/or willful violations of the FCRA.

15      WHEREFORE, Plaintiff prays for relief and judgment as follows:

16        a. Adjudging that Defendants willfully violated the FCRA;

17        b. Awarding Plaintiff statutory damages, pursuant to *15 USC*

18          *1681n(a)1(A),* of $1,000 for each 72 violations totaling $72,000;

19        c. Punitive damages pursuant to *15 USC 1681n(a)2.*

20        d. Awarding attorney's fees and costs pursuant to *15 USC 1681n(a)3.*

21        e. Awarding any injunctive or further relief the court deems proper.

22               **Demand for a Trial by Jury**

23     Plaintiff demands a Trial by Jury, pursuant to Article 7 of the Constitution.

24               Respectfully submitted,

25               Dated: July 23, 2015

26

27               Clifford J Bourgeois, Plaintiff

28