# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD J. BOURGEOIS,<br><br>         Plaintiff,<br><br> v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>         Defendants. | CASE NO. 15cv1655-GPC(BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. Nos. 6, 8.] |

  Before the Court are Defendants Ocwen Loan Servicing, LLC ("Ocwen"); Western Progressive, LLC ("Western"); Ahmad Ansari ("Ansari"); Amit Mishra ("Mishra"), and Tammy Versluis' ("Versluis") motion to dismiss the complaint, (Dkt. No. 6), and Defendant The Law Offices of Les Zieve's ("LOLZ") motion to dismiss the complaint, or in the alternative, for a more definite statement. (Dkt. No. 13.) Plaintiff Clifford Bourgeois ("Plaintiff"), proceeding *pro se*, filed an opposition. (Dkt. No. 10.) A reply was filed by all Defendants. (Dkt. Nos. 12, 13.) After a review of the briefs, the pleading, and applicable law, the Court GRANTS Defendants' motion to dismiss.

## Background

  According to the complaint, on April 17, 2012, Plaintiff received a dunning letter from Ocwen demanding payment for an alleged debt of $139,142.25. (Dkt. No. 1, Compl. ¶ 20.) On April 27, 2012, Plaintiff sent a dispute/debt validation letter to Ocwen which it received on April 30, 2012. (Id. ¶ 21.) Since April 30, 2012, Plaintiff

claims Ocwen has not validated the alleged debt amount. (Id. ¶ 22.) In the past twelve months,[1] Plaintiff claims that Ocwen sent at least six letters demanding payment and reported to all three credit reporting agencies. (Id. ¶ 23.) Therefore, Plaintiff alleges Ocwen is collecting on a debt without properly validating the alleged debt violating 15 U.S.C. § 1692g(b). (Id.)

On March 3, 2015, Plaintiff received a demand letter from Defendant Mishra disguised as a loan modification application. (Id. ¶ 24.) On May 17, 19 and 26, 2015, Plaintiff received three demand letters from Defendant Ansari. (Id. ¶ 25.) On June 10, 2015, Plaintiff received a demand letter from Defendant Versluis. (Id. ¶ 26.)

In January 2013, Plaintiff sent a dispute/debt validating letter to Defendants LOLZ and Western. (Id. ¶ 27.) On July 15, 2015, Plaintiff received a demand letter from LOLZ and Western. (Id.)

In addition, in late 2012, Plaintiff disputed Ocwen's trade lines with the three major credit reporting agencies. (Id. ¶ 30.) In December 2014, Ocwen removed the dispute noting that it had been "resolved" but Ocwen never provided Plaintiff with the results of any investigation and Plaintiff and Ocwen never agreed to resolve the dispute. (Id.) Plaintiff asserts that he continues to dispute Ocwen's trade line since it has never been "resolved." (Id.) Plaintiff claims that Ocwen failed to perform a reasonable reinvestigation and improperly removed a consumer initiated dispute on the trade lines and "knowingly and willfully continued to furnish unverified, unauthenticated and inaccurate information to the credit reporting agencies for the past 24 months" in violation of 15 U.S.C. 1681s-2(b). (Id. ¶ 31.)

Plaintiff alleges causes of action for violation of the Fair Debt Collection Practices ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code section 1788.30b as to all Defendants, and violation of the Federal Credit Reporting Act ("FCRA") as to Defendant Ocwen only.

---

[1] It is not clear whether Plaintiff is referencing the past twelve months since the complaint was filed or the twelve months after he sent the dispute letter.

(Id. at 9-10.)

## Discussion

### A. Legal Standard on Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

Pro se pleadings are held to a less stringent standards than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, pro se litigants are not excused from knowing the most basic pleading requirements." American Assoc.

of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

### B. Federal Fair Debt Collection Practices Act

All Defendants argue that Plaintiff has not sufficiently alleged that they are "debt collectors" as defined under the FDCPA. Second, Defendants maintain that Plaintiff has not sufficiently presented allegations concerning the alleged debt dispute. Third, Defendants contend that the claims alleged as to 2012 and 2013 are barred by the one year statute of limitations. Lastly, Defendants Ansari, Mishra and Ocwen argue that the claims under § 1692e(9) fail. Plaintiff opposes arguing the pleading standard should be more relaxed since he is proceeding pro se.[2]

First, Defendants argue that the complaint fails to properly allege that they are "debt collectors" subject to the FDCPA. Plaintiff does not directly address whether each Defendant is a "debt collector" as defined under the FDCPA.

The Ninth Circuit has interpreted "debt collector" to mean "1) 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' and (2) any person 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" Schlegel v. Wells Fargo Bank, N.A., 720 F.3d

---

[2] In his opposition, Plaintiff also attached documents in support of his opposition. However, on a motion to dismiss the court considers only the allegations in the "pleadings, exhibits attached to the complaint and matters properly subject to judicial notice." Rosati v. Igbinoso, 791 F.3d 1037, 1040 n. 3 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012)). Therefore, the Court declines to consider the attached documents as part of Plaintiff's opposition.

1204, 1208 (9th Cir. 2013) (quoting 15 U.S.C. § 1692a(6)).  In <u>Schlegel</u>, the Ninth Circuit concluded that a complaint must provide a factual basis from which a court can plausibly infer that the principal purpose of the defendant's business is debt collection. <u>Id.</u> (allegation that debt collection was some part of the defendant's business is insufficient to state a claim under the FDCPA).

In this case, the complaint merely asserts the each of the Defendant is a "debt collector" without any additional facts. (Dtk. No. 1, Compl. ¶¶ 10-15.)  This allegation does not sufficiently allege that Defendants' principal purpose is collecting debts or that they regularly engage in debt collection owed to another.  <u>See</u> <u>Schlegel</u>, 720 F.3d at 1208.

The complaint also alleges that Ocwen is a debt collector since it fails the "loan servicer exception" under 15 U.S.C. § 1692a(6)(F)(iii).  (Dkt. No. 1, Comp. ¶ 18.) Debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person. . . ." 15 U.S.C. 1692a(6)(F)(iii).

However, as Defendant Ocwen argues, Plaintiff does not plead any facts that his debt was in default when Ocwen obtained the debt.  <u>See</u> <u>Cochran v. The Bank of New York Mellon Trust Company N.A.</u>, CV 15-3209-GHK (JCx), 2015 WL 4573890, at *3 (C.D. Cal. July 29, 2015) (Ocwen does not qualify for the § 1692a(6)(F)(iii) exemption because Plaintiff alleged that at the time the deeds of trust were transferred over to the Defendants, they were in default).  Here, absent any allegation that the debt was in default at the time it was obtained by Ocwen, Plaintiff cannot sufficiently claim that Ocwen is a "debt collector."  The Court concludes that the complaint fails to allege facts to allow the court to draw a reasonable inference that Defendants are debt collectors.  <u>See</u> <u>Schlegel</u>, 720 F.3d at 1208.  Accordingly, the Court GRANTS Defendants' motion to dismiss for failing to properly allege that Defendants are "debt collectors" as defined under the FDCPA.

1    Second, Defendants argue that Plaintiff does not sufficiently allege facts
2 regarding the alleged debt dispute for several reasons.  Plaintiff does not address this
3 argument.
4    The complaint alleges Defendants Ocwen, LOLZ and Western violated 15
5 U.S.C. § 1692g(b).  That section provides,

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

14 15 U.S.C. § 1692g(b).  In addition, a plaintiff must demonstrate that the debt is a
15 consumer debt.  Bloom v. I.C. Sys, Inc., 972 F.2d 1067, 1068 (9th Cir. 1992); see also
16 15 U.S.C. § 1692a(5).
17    Defendants assert the complaint does not alleged debt dispute is consumer debt
18 subject to the statute.  The Court agrees that Plaintiff has not alleged that the alleged
19 debt is a consumer debt.
20    Next, Defendants contend that the Plaintiff's use of the word "validated" fails
21 to meet the Twonbly/Iqbal standard since the word "validated" is not in the language
22 of § 1692g(b).  However, Plaintiff also uses the word "dispute" letter which is
23 contained in the statute.  Moreover, in liberally construing his *pro se* complaint, it can
24 be plausibly inferred that Plaintiff's use of the word "Dispute/Debt Validation" letter,
25 (Dkt. No. 1, Compl. ¶¶ 21, 27), is referencing the dispute and verification provisions
26 in § 1692g(b).  Defendants' argument concerning Plaintiff's use of "validation" is
27 without merit.
28    Furthermore, Defendants assert that Plaintiff has not provided facts to explain

what happened and what specifically Ocwen failed to do under the statute. See Chavez v. Access Capital Servs., Inc., No. 13cv1037 AWI-GSA, 2014 WL 2716876, at *5 (E.D. Cal. June 16, 2014) (dismissing allegation for violation of §1692g(b) because complaint only alleged that Plaintiff sent Defendant's office a debt validation letter, and that Plaintiff subsequently received a phone message from Defendant that it was a debtor collector who was attempting to collect a debt). In this case, the complaint fails to describe the nature of the alleged debt, and other details surrounding Ocwen and Western's failure to comply with § 1692g(b). Based on these reasons, the Court GRANTS Defendants' motion to dismiss for failing to provide sufficient facts concerning the alleged debt.[3]

Third, Defendants contend that the claims are barred by the statute of limitations. Plaintiff does not address this argument. The FDCPA has a one year statute of limitations from "the date on which the violation occurs." 15 U.S.C. § 1692k(c). Plaintiff asserts that in response to a dunning letter dated April 11, 2012, he sent his validation dispute letters to Ocwen on April 27, 2012, (Dkt. No. 1, Compl. ¶ 21), and sent a dispute/debt validation letter to LOLZ and Western in January 2013. (Id. ¶ 27.)

These allegations concerning events that occurred in 2012 and 2013 may be barred by the one year statute of limitations. However, Plaintiff also makes allegations as to allegedly improper letters sent by Defendants Ocwen, Amit, Ahmad, and Tammy in 2015. (Dkt. No. 1, Compl. ¶¶ 23-26.) Since the complaint will be dismissed and Plaintiff will be granted leave to file an amended complaint to provide additional facts, the Court declines to rule on the issue of the statute of limitations at this time.

Lastly, the complaint alleges that the demand letters from Defendants Ocwen, Amit and Ahmad included the logo, motto and web address of the "Making Home

---

[3] Western also argues that it should be dismissed because courts have routinely found that Western does not qualify as a "debt collector" and cites to Tapang v. Well Fargo Bank, N.A., 2012 WL 3778965, at *1, 5 (N.D. Cal. 2012). However, the Tanang case does not state the proposition advanced by Defendants. In Tanang, the district court granted Defendants' motion to dismiss the FDCPA claim because Plaintiff had not sufficiently alleged the Defendants, including Western, were debt collectors. Accordingly, Western's argument is without merit.

Affordable Program" which gives the least sophisticated consumer the false impression that the U.S. government has authorized and approved the requirement of paying an unvalidated debt in violation of 15 U.S.C. § 1692e(9). (Dkt. No. 1, Compl. ¶ 28.)

15 U.S.C. § 1692e(9) states that the "use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval" is a violation of the false or misleading representations section. 15 U.S.C. § 1692e(9).

Defendants Ocwen, Amit and Ahmad argue that the complaint, as a threshold matter, fails to sufficiently allege that they are debt collectors and fails to assert facts that Plaintiff's debt was "invalidated." The Court agrees that Plaintiff has not sufficiently alleged that Defendants are "debt collectors" and to provide sufficient facts surrounding the failure of Defendants to "validate" the alleged debt. Therefore, a cause of action under § 1692e(9) fails.

Based on the above, the Court GRANTS all Defendants' motion to dismiss for failure to state a claim on the FDCPA cause of action.

**C.    Rosenthal Fair Debt Collection Practices Act**

All Defendants argue that since Plaintiff alleges that his claim is based wholly on the FDCPA claim, the Rosenthal state cause of action must also fail. Plaintiff does not address this claim.

The complaint states that "[b]ecause all Defendants violated portions of the FDCPA and as these portions are incorporated by reference in the Rosenthal Act, all Defendants are in violation of CCC 1788.17." (Dkt. No. 1, Compl. ¶ 29.) Since Plaintiff's RFDCPA claims are based on the same allegations as the FDCPA, the Court GRANTS Defendants' motion to dismiss the Rosenthal Act cause of action. See Cochran, 2015 WL 4573890 at *5 (dismissing RFDCPA claim because the plaintiff failed to properly plead a FDCPA claim); Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012) (the Rosenthal Act "mimics or incorporates by reference the

FDCPA's requirements").

**D.    Federal Credit Reporting Act**

Defendant Ocwen argues that there are numerous reasons why Plaintiff has failed to state a claim against Ocwen. Specifically, Ocwen asserts that Plaintiff does not state what the nature of the dispute was and what information was inaccurate, there are no allegations that the provisions of §1681s-2(b) were triggered, and there is no requirement that Ocwen report back to the consumer concerning any investigation. Plaintiff does not address this claim in his opposition.

The complaint cites to 15 U.S.C. § 1681s-2(b) which states,

> (b) Duties of furnishers of information upon notice of dispute
> (1) In general
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
> – . . .
> (E) if an item of information disputed by a consumer is found to be **inaccurate or incomplete** or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> (i) modify that item of information;
> **(ii) delete that item of information**; or
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b) (emphasis in original).

Plaintiff asserts that in late 2012, he disputed Ocwen's "trade lines with the 3 major credit reporting agencies." (Dkt. No. 1, Compl. ¶ 30.) "In December 2014, Ocwen removed my disputes noting my dispute has been 'resolved' but never provided the results of any investigation to Plaintiff and both parties never agreed to resolve the dispute." (Id.) In addition, Ocwen failed to perform a reasonable investigation and improperly removed a consumer initiated dispute on the trade line. (Id. ¶ 31.) He further alleges that "they have knowingly and willfully continued to furnish unverified, unauthenticated and inaccurate information to the credit reporting agencies for the past 24 months." (Id.)

First, Ocwen alleges that the complaint does not provide facts to explain why the

information reported by it was "inaccurate". The Court agrees that Defendant does not have notice regarding the reasons why Plaintiff disputed the trade lines. Accordingly, the Court GRANTS Defendant's motion to dismiss for failing to provide sufficient facts to demonstrate Plaintiff is entitled to relief. See Fed. R. Civ. P. 8(a).

Second, Defendants argue that the provisions of § 1681s-2(b) are not triggered until the credit reporting agencies notify the furnisher that a consumer disputes information about a debt. See Wang v. Asset Acceptance, No. C 09-4797 SI, 2010 WL 2985503, at *3 (N.D. Cal. July 27, 2010). The duties under 1681s-2(b)(2) arises "only after the furnisher [sources that provide credit information to credit reporting agencies] receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009).

The complaint does not allege that Ocwen was notified by any credit reporting agency of the dispute. See Kilcullen v. Select Portfolio Serv., Inc., No. 11cv2657-BEN(DHB), 2012 WL 1667150, at *3 (S.D. Cal. May 10, 2012) (granting Defendant's motion to dismiss because complaint did not allege facts whether defendant received a notice of dispute from a credit reporting agency to trigger its obligations under subsection (b)). Accordingly, the Court GRANTS Defendant Ocwen's motion to dismiss on this ground.

Lastly, Defendants argue that § 1681s-2(b) does not require furnishers of credit information, such as Ocwen, to report back to the consumer but all reporting requirements flow to the consumer reporting agency. See 15 U.S.C. § 1681s-2(b)(2) (a "person shall complete all investigations . . . to the consumer reporting agency. . . ."); 15 U.S.C. § 1681s-2(b)(C) ("report the results of the investigation to the consumer reporting agency"). Therefore, any allegation that Ocwen was required to provide the results of any investigation to Plaintiff does not support a cause of action under the FCRA.

Accordingly, the Court GRANTS Defendant Ocwen's motion to dismiss the

FCRA cause of action.

## Conclusion

Based on the above, the Court GRANTS all Defendants' motion to dismiss with leave to amend. Plaintiff may file an amended complaint on or before **November 4, 2015.** The hearing set for October 16, 2015 shall be **vacated.**

IT IS SO ORDERED.

DATED: October 14, 2015

HON. GONZALO P. CURIEL
United States District Judge