LAW OFFICES OF LES ZIEVE
John C. Steele, Bar No. 179875
jsteele@zievelaw.com
Ryan K. Woodson, Bar No. 224765
rwoodson@zievelaw.com
Tanya C. McCullah, Bar No. 279614
tmccullah@zievelaw.com
30 Corporate Park, Suite 450
Irvine, CA  92606
Telephone:  (714) 848-7920
Fax:  (714) 908-2615

*Attorneys for Defendant*
The Law Offices of Les Zieve

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD J. BOURGEOIS,<br><br>  Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC;<br>AHMAD ANSARI, DEBT COLLECTOR, OCWEN LOAN SERVICING, LLC;<br>AMIT MISHRA, DEBT COLLECTOR, OCWEN LOAN SERVICING, LLC;<br>TAMMY VERSLUIS, DEBT COLLECTOR, OCWEN LOAN SERVICING, LLC;<br>WESTERN PROGRESSIVE, LLC;<br>THE LAW OFFICES OF LES ZIEVE<br><br>  Defendants. | CASE NO.:   3:15-cv-01655-GPC-BLM<br><br>*Assigned to Hon. Gonzalo P. Curiel*<br>*United States District Judge*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE LAW OFFICE OF LES ZIEVE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  January 22, 2016<br>Time:  1:30 p.m.<br>Crtrm:  2D (2nd Floor)<br>          Suite 2190<br>          221 West Broadway<br>          San Diego, CA 92101<br><br>Trial Date:          None set. |

///

///

**PLEASE TAKE NOTICE** that on January 22, 2016, at 1:30 p.m., in Courtroom 2D, second floor, of the above-entitled court located at 221 West Broadway, San Diego, California, Defendant THE LAW OFFICE OF LES ZIEVE ("LOLZ") will move this Court to dismiss the First Amended Complaint ("FAC") of plaintiff CLIFFORD J. BOURGEOIS ("Plaintiff" or "Clifford") without leave to amend.

This Motion to Dismiss is brought pursuant to Rule 12(b)(6), or alternately Rule 12(e), of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. This motion is based upon this notice of motion and motion, the memorandum of points and authorities, the pleadings and records filed herein, and upon such oral or documentary evidence as allowed by the Court to be considered at the hearing on this motion.

DATED:  November 18, 2015            LAW OFFICES OF LES ZIEVE

                                                 By: /s/ Tanya C. McCullah_____
                                                      JOHN C. STEELE
                                                      RYAN K. WOODSON
                                                      TANYA C. MCCULLAH
                                                   Attorneys for Defendant The Law
                                                   Office of Les Zieve

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Clifford J. Bourgeois ("Plaintiff") initiated this action, claiming that the Law Offices of Les Zieve ("LOLZ") violated the provisions of the Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Act. However, the First Amended Complaint ("FAC") is void of any factual allegations sufficient to state his claims against LOLZ. Plaintiff alleges that LOLZ violated the provisions of the FDCPA and Rosenthal Act by recording foreclosure notices without Plaintiff's permission. However, LOLZ did not record the foreclosure notices in question. Moreover, after Plaintiff's admitted default on his mortgage loan, the recordation of a notice of default and notice of trustee's sale was entirely proper, and consent is not required.

Plaintiff further alleges that the FDCPA was triggered when LOLZ failed a request for Notice in a bankruptcy case. However, Plaintiff's allegation fails because LOLZ, as a foreclosure trustee, has no statutory obligation to respond to Plaintiff's purported letter or to validate the subject debt.

Finally, because each of Plaintiff's allegations against LOLZ relate to activities that purportedly took place in 2012 and 2013, Plaintiff's FDCPA and Rosenthal claims are time-barred. Thus, the FAC fails to sufficiently allege *any* valid claim against LOLZ. Accordingly, LOLZ respectfully requests that its Motion be granted in its entirety, with prejudice.

## II.   LEGAL STANDARD OF REVIEW ON A MOTION TO DISMISS

A motion to dismiss under Federal Rules of Civil Procedure, rule 12(b)(6), tests the legal sufficiency of the claims asserted. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978); *Chavez v. I.N.S.*, 17 F.Supp.2d 1141, 1143 (S.D. Cal. 1998). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 – 57 (2007).

To determine if a complaint is "plausible," the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly, supra*, 550 U.S. at 555 (*emphasis added*). Further, the court, drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the factual allegations, if assumed true, allege a plausible claim. *Id.*

Typically, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *See*, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). The Court will dismiss a claim pursuant to Rule 12(b)(6) if the complaint, when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a claim. *Conley v. Gibson*, 355 U.S. 41, 45 – 46 (1957). A dismissal may be based either: (1) a cognizable legal theory; or (2) an absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In granting a motion under Rule 12(b)(6), leave to amend should not be granted where it is clear that the complaint's deficiencies cannot be cured by amendment. *See*, *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

III.   **SUMMARY OF FACTUAL ALLEGATIONS**

On or around April 17, 2003, Plaintiff and Susan L. Bourgeois ("Susan") obtained a mortgage loan in the amount of $150,000.00 ("Subject Loan"), which was secured by the real property located at 1280 Shari Way, El Cajon, CA 92019, by a Deed of Trust recorded in the Official Records of the San Diego County Recorder's Office as Instrument No. 2003-0504618 ("Deed of Trust"). *See* FAC, ¶ 34 and Exhibit I-1 at p. 2.

In 2011, Plaintiff and Susan stopped making payments on the Subject Loan. *Id.*, ¶35 and Exhibit I-1 at p. 2. Plaintiff and Susan attempted to obtain a modification of the

1  Subject Loan from the loan servicer at the time, Chase Home Finance ("Chase"), but
2  were unable to obtain a modification. *Id*. at ¶36. On or around Marcy 12, 2012, the
3  servicing of the Subject Loan was transferred from Chase to defendant Ocwen Loan
4  Servicing, LLC ("Ocwen"). *Id*., ¶38 and Exhibit F.
5        On July 27, 2012, defendant Western Progressive, LLC ("Western Progressive
6  recorded a Notice of Default and Election to Sell. *Id*., Exhibit I-1. Thereafter, Western
7  Progressive recorded a Notice of Trustee's Sale, setting a trustee's sale date for
8  December 10, 2012. *Id*., Exhibit I-2. Plaintiff seems to believe that LOLZ recorded this
9  document.
10        On or about December 6, 2012, just prior to the scheduled trustee's sale, Susan
11  filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court,
12  Southern District of California, as Case No. 12-16096-LA13 (the "Bankruptcy Action").
13  *Id*., ¶44 and Exhibit J. On or about December 14, 2012, defendant Law Offices of Les
14  Zieve ("LOLZ") filed a Request for Special Notice in the Bankruptcy Action on behalf of
15  defendant Ocwen. *Id*., ¶ 45 and Exhibit K-1.
16        On or about January 11, 2013, after LOLZ's appearance in the Bankruptcy Action
17  on behalf of Ocwen, Plaintiff purportedly sent LOLZ a letter entitled "RE: Dispute of
18  alleged Debt." *Id*., ¶46 and Exhibit K-2. The January 11, 2013 letter purportedly sent to
19  LOLZ makes no reference to Susan or the Bankruptcy Action, and refers to a "loan
20  agreement #7100760767," which is different than the Ocwen account number referred to
21  in the FAC (i.e., 71007607<u>9</u>7). *Compare* FAC, Exhibits K-2 and B, L-3, U-1.  Thereafter,
22  LOLZ ceased participation in the Bankruptcy Action, and the law firm Wright, Finlay &
23  Zak ("WFZ") filed a claim form in the Bankruptcy Action on behalf of the Subject
24  Loan's beneficiary. *Id*., ¶ 51 and Exhibit K-1.
25  **IV.   THE FAC FAILS TO STATE A CLAIM UNDER THE FDCPA**
26        Plaintiff's entire claim against LOLZ for violation of the FDCPA revolves around
27  Plaintiff's allegations that LOLZ: (1) "publicly" recorded the Notice of Default and
28

Notice of Trustee's Sale, without Plaintiff's permission and without noting that Plaintiff "disputed the debt, all in purported violation of 15 U.S.C. §§ 1692c(b), 1692e(8); and (2) failed to respond to Plaintiff's "debt validation" letter in purported violation of 15 U.S.C. § 1692g(b). Plaintiff's allegations are without merit and fail to allege any FDCPA violation by LOLZ.

### A.     LOLZ did not record the Notice of Default or Notice of Trustee's Sale.

Plaintiff's claim that LOLZ improperly recorded the Notice of Default and Notice of Trustee's Sale without Plaintiff's permission and without noting Plaintiff's dispute to the debt fail because LOLZ did not record either of the foreclosure notices. See FAC, Exhibits I-1 and I-2. These notices were recorded by defendant Western Progressive. *Id*. Although Plaintiff speculates that Western Progressive and LOLZ share a "relationship," Plaintiff does not allege that LOLZ and Western Progressive are the same organization, and Plaintiff does not allege any facts demonstrating that LOLZ acted in any way to cause the recordation of the Notice of Default or Notice of Trustee's Sale. To the contrary, Plaintiff's allegations demonstrate that LOLZ took no action with respect to the Subject Loan other than to file a Request for Notice in Susan's Bankruptcy Action as attorney for defendant Ocwen, and admittedly made no further appearances thereafter in the Bankruptcy Action. FAC, ¶¶ 34-73, Exhibit K-1. A request for notice and inclusion on a master mailing matrix in a bankruptcy case is not a request for payment, and not an activity constituting debt collection. As Plaintiff does not allege that LOLZ acted in any capacity to cause the recordation of the Notice of Default and/or Notice of Trustee's Sale, Plaintiff's FDCPA claim against LOLZ fails.

Further, even if LOLZ did cause the subject foreclosure notices to be recorded (which is denied), Plaintiff still has not demonstrated any FDCPA violation by LOLZ. Activity related to non-judicial foreclosure (e.g., the recordation of foreclosure notices) does not constitute debt collection under the FDCPA. *Amelina v. Manufacturers and Traders Trust Co.*, 2015 WL 1138345, at *10 (S.D. Cal. 2015). Moreover, after

1  Plaintiff's admitted default on the Subject Loan, the commencement of non-judicial
2  foreclosure was proper. Section 2924 of the Civil Code provides that when the borrower
3  fails to make his/her contractually agreed upon payments, "[t]he trustee, mortgagee, or
4  beneficiary, or any of their authorized agents shall first file for record… a notice of
5  default." Civ. Code §2924(a)(1). Thus, upon Plaintiff's admitted default on the Subject
6  Loan, the trustee (i.e., Western Progressive) was statutorily required to record the Notice
7  of Default and subsequent Notice of Trustee's Sale. Accordingly, Plaintiff's claim should
8  be rejected. Indeed, if Plaintiff's theory were followed (i.e., trustee required to obtain
9  permission from borrower before recording foreclosure notices), very few trustees would
10 be able to meet their statutory obligations under Civil Code section 2924.

      **B.**      **LOLZ is not considered a "debt collector" under the FDCPA.**

A claim for FDCPA violation must allege sufficient facts stating that each of the defendants is a "debt collector" within the meaning of the FDCPA. *Schlegel v. Wells Fargo Bank, N.A*., 720 F.3d 1204, 1208 (9th Cir. 2013). The FDCPA is not applicable to *any* person or entity which may be in the business of collecting debts. *Id*. At 1208-09. Rather, a complaint under FDCPA must allege that the defendant's "principal business purpose" is debt collection, or that the defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. (citing 15 U.S.C. § 1692a(6) ("…the complaint's factual matter, viewed in the light most favorable to the Schlegels, establishes only that debt collection is some part of Wells Fargo's business, which is insufficient to state a claim under the FDCPA.").

Here, Plaintiff has again failed to allege any facts demonstrating that LOLZ is considered a "debt collector" for purposes of the FDCPA. In his FAC, Plaintiff alleges that LOLZ should be considered a "debt collector" pursuant to the FDCPA because LOLZ employs attorneys and staff who are in the business of providing foreclosure services. See FAC, ¶ 30. However, as explained above, activity related to non-judicial foreclosure does <u>not</u> constitute debt collection under the FDCPA. *Amelina, supra,* 2015

1  WL 1138345, at *10. Thus, Plaintiff's contention that LOLZ's provision of non-judicial
2  foreclosure services renders LOLZ a "debt collector" under the FDCPA should be
3  rejected, as such activity does not constitute debt <u>collection</u> as a matter of law. In
4  addition, Plaintiff's allegation that foreclosure and bankruptcy are LOLZ's primary
5  business purposes is contradicted by Exhibit D-1 attached to the FAC, which
6  demonstrates that provides a considerable number of services other than foreclosure and
7  bankruptcy services (e.g., litigation, title claims, reconveyance and assignment services,
8  transactional services, general legal counsel, eviction, contract drafting, entity formation,
9  etc.). *See* FAC, Exhibit D-1. For these reasons, Plaintiff did not and cannot allege that
10 LOLZ's principal business purpose is debt collection, as defined by the FDCPA.
11 Therefore, Plaintiff's FDCPA claim against LOLZ should be dismissed.

12          **C.     LOLZ had no obligation to respond to Plaintiff's "validation" request.**
13          The remainder of Plaintiff's FDCPA claim against LOLZ is based on Plaintiff's
14 contention that LOLZ did not respond to the "dispute/debt validation" letter Plaintiff
15 purportedly sent to LOLZ on or about January 11, 2013. FAC, ¶ 45, Exhibit K-2.
16 Plaintiff's claim fails, however, because LOLZ had no obligation to respond to Plaintiff's
17 purported letter or to "validate" the Subject Loan.
18          The procedure for validating a claimed debt it set forth in 15 U.S.C. section 1692g.
19 Subsection (a) provides that, in its initial communication with a consumer, or within five
20 days of the <u>initial communication with a consumer</u>, a debt collector must provide
21 information to the consumer of the amount of the debt, the name of the creditor to whom
22 the debt is owed, and a statement that the debt will be assumed valid unless the consumer
23 disputes the debt within thirty (30) days of receiving the initial communication. 15 U.S.C.
24 § 1692g(a). "If the consumer notifies the debt collector in writing within <u>the thirty-day</u>
25 <u>period described in subsection (a)</u> of this section that the debt, or any portion thereof, is
26 disputed, or…requests the name and address of the original creditor, the debt collector
27 shall cease collection of the debt…until a copy of such verification…is mailed to the
28

1 consumer by the debt collector." 15 U.S.C. § 1692g(b) (emphasis added).

2     The action taken by LOLZ was the filing of a Request for Special Notice in a
3 bankruptcy case, not a request for payment, and not an activity constituting debt
4 collection. Plaintiff contends that he sent a "dispute/debt validation" letter to LOLZ on
5 January 11, 2013 in response to the Request for Special Notice LOLZ filed in Susan's
6 Bankruptcy Action. FAC, ¶ 45, Exhibits K-1 and K-2. However, nothing in LOLZ's
7 Request for Special Notice constitutes the type of correspondence described in section
8 1692g(a) and, therefore, did not trigger the requirements of section 1692g(b). In addition,
9 as explained above, LOLZ is not considered a "debt collector" for purposes of the
10 FDCPA. Accordingly, LOLZ had no obligation under section 1692g(b) to respond to
11 Plaintiff's letter or to validate the Subject Loan. Indeed, any response from LOLZ would
12 have been inappropriate, as Plaintiff was not a party to Susan's Bankruptcy Action.

13     Accordingly, Plaintiff's FDCPA claim fails as a matter of law and should be
14 dismissed.

15     **D.    Plaintiff's claims under FDCPA are time barred.**

16     The FDCPA has a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d).
17 Thus, because Plaintiff's FDCPA claim against LOLZ revolves around the Notice of
18 Default recorded on July 27, 2012, the Notice of Trustee's Sale recorded on November
19 26, 2012, and LOLZ's purported failure to respond to Plaintiff's January 11, 2013 letter,
20 Plaintiff's claims are time-barred. FAC, ¶ 54, Exhibits I-1, I-2, K-2.

21 **V.    THE FAC FAILS TO STATE A CLAIM UNDER THE ROSENTHAL ACT**

22     As explained above, Plaintiff's FDCPA allegations fail against LOLZ. Because
23 Plaintiff's claim against LOLZ for violation of the Rosenthal Act is based entirely on
24 Plaintiff's allegation that LOLZ violated the FDCPA, this claim also must fail. (FAC, ¶¶
25 54, 77). In addition, as explained more fully above, Plaintiff also failed to sufficiently
26 allege that LOLZ "in the ordinary course of business, regularly, on behalf of himself or
27 herself, engages in debt collection." See *Civ. Code* § 1788.2(c). Plaintiff merely alleges
28

that LOLZ should be considered a "debt collector" because it provides non-judicial foreclosure related services. However, collection efforts related to mortgage loans (i.e., foreclosure) are outside the scope of the Rosenthal Act. *Gardner v. American Home Mortg. Servicing, Inc.*, 691 F.Supp.2d 1192, 1198-99 (dismissing plaintiff's Rosenthal claims relating to residential mortgage loan). For these reasons alone, Plaintiff's claim should be dismissed.

In addition, to the extent Plaintiff's claim is based on actions taking place in 2012 and 2013, the claim is barred by the Rosenthal Act's one-year statute of limitations. See *Civ. Code* § 1788.2(c).

## VI. CONCLUSION

Plaintiff's FAC is fatally deficient, and cannot give rise to any viable cause of action. Therefore, LOLZ respectfully requests that the Court grant this Motion in its entirety, with prejudice.

DATED:  November 18, 2015          LAW OFFICES OF LES ZIEVE


By: /s/ Tanya C. McCullah_____
     JOHN C. STEELE
     RYAN K. WOODSON
     TANYA C. MCCULLAH
    Attorneys for Defendant The Law
    Office of Les Zieve

8

Memorandum of Points and Authorities

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Law Offices of Les Zieve, whose business address is: 30 Corporate Park, Suite 450, Irvine, CA 92606.

On November 18, 2015, I served the within document(s) described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE LAW OFFICE OF LES ZIEVE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Clifford J. Bourgeois<br>6460 Convoy Ct. Spc 220<br>San Diego, CA 92117 | T: 858-229-6016<br>Email:<br>joebourg62@aol.com | Plaintiff *In Pro Per* |
| Honorable *Gonzalo P. Curiel*<br>United States District Court-<br>Southern District<br>Courtroom 2D, 2nd Floor<br>221 West Broadway, Ste. 2190<br>San Diego, CA 92101<br>*Courtesy Copy via Overnight Service* | Courtroom Clerk,<br>Lynn Fuchigami<br>T: 619.557-5539 | *Honorable Judge of the United States District Court* |

☒ **BY MAIL** (F.R.Civ.P, rule 5(b)(1); F.R.Civ.P., rule 5(b)(2)(C))—I deposited such envelope(s) for processing in the mailroom in our offices, having been address to each party's attorney(s) of record at their last known address. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☒ **CM/ECF** (U.S. District Court, Southern District of California, Local Civil Rule 5.4c)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users. All parties who are not registered, if any, were served in the manner set forth above.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 18, 2015, at Irvine, California.

      /s/Rosie Martinez
      ROSIE MARTINEZ