1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD J. BOURGEOIS,<br><br>                                        Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>                                        Defendants. | Case No.:  15cv1655-GPC (BLM)<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

**IT IS HEREBY ORDERED** that an Early Neutral Evaluation ("ENE") of your case will be held on **May 12, 2016** at **1:30 p.m.** in the chambers of the Honorable Barbara L. Major, United States Magistrate Judge, **located at 333 West Broadway, Suite 1110, San Diego, California, 92101.**

**The following are mandatory guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

1.      **Purpose of Conference**:  The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, privileged, and confidential.   Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

2.      **Personal Appearance of Parties Required**:  All parties, adjusters for insured

1

parties, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.  Counsel for a government entity is excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  **Motions seeking a waiver of the personal appearance requirement must establish good cause and be filed at least five (5) court dates prior to the conference.**  Failure to appear at the ENE conference will be grounds for sanctions.

3.      **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

2

1   who can settle the case during the course of the conference without consulting a superior.

2        4.    **Confidential ENE Statements Required**:  On or before **May 2, 2016**, the

3   parties shall submit via fax, email or hand delivery, confidential statements no more than ten

4   (10) pages[2] in length directly to the chambers of the Honorable Barbara L. Major.  **These**

5   **confidential statements shall not be filed or served on opposing counsel**.  Each party's

6   confidential statement must include the following:

7          a.    A brief description of the case, including a chronology of the relevant facts

8   and a statement of the principal factual disputes;

9          b.    A brief description of the legal claims, counterclaims, and defenses

10   asserted, and a statement of the principal contested legal disputes, including references to

11   relevant statutes and legal authority;

12          c.    A specific and current demand or offer for settlement addressing all relief

13   or remedies sought.  If a specific demand or offer for settlement cannot be made at the time

14   the brief is submitted, then the reasons therefore must be stated along with a statement as to

15   when the party will be in a position to state a demand or make an offer.  A general statement

16   that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this

17   Order.  It is assumed that all parties will negotiate in good faith; and

18          d.    A brief description of any previous settlement negotiations, mediation

19   sessions, or mediation efforts.

20        5.    **New Parties Must be Notified by Plaintiff's Counsel**:  Plaintiff's counsel shall

21   give notice of the ENE to parties responding to the complaint after the date of this notice.

22        6.    **Case Management Conference**:  In the event the case does not settle during

23   the ENE, the Court will conduct an Initial Case Management Conference.  In preparation for this

24   conference, the parties must

25          a.    Meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **April 21,**

26   **2016**.

27   _____

28   [2]  The parties shall not append attachments or exhibits to the ENE statement.

15cv1655-GPC (BLM)

1    b.    File a Joint Discovery Plan on the CM/ECF system no later than **May 2,**
2  **2016**.  Agreements made in the Joint Discovery Plan will be treated as binding stipulations that
3  are effectively incorporated into the Court's Case Management Order.  The Joint Discovery Plan
4  must be one document and must address each item identified in Fed. R. Civ. P. 26(f)(3).   In
5  addition, the discovery plan must include:

6    i.    **Service**:  A statement as to whether any parties remain to be served
7  and, if so, a proposed deadline for service;

8    ii.    **Amendment of Pleadings**: The extent to which parties, claims, or
9  defenses are expected to be added or dismissed and a proposed deadline for amending the
10  pleadings;

11    iii.    **Protective Order**:  Whether a protective order is contemplated to
12  cover the exchange of confidential information and, if so, the date by which the proposed order
13  will be submitted to the Court;

14    iv.    **Privilege**: The procedure the parties plan to use regarding claims
15  of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

16    v.    **Evidence Preservation**: Whether the parties have discussed issues
17  related to the preservation of relevant evidence and if there are areas of disagreement, how the
18  parties are resolving them;

19    vi.    **Electronic Discovery**:  In addition to the requirements set forth in
20  Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies
21  for locating and producing electronically stored information and the production of metadata, and
22  must identify any issues or agreements regarding electronically stored information that may not
23  be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));

24    vii.    **Discovery**: In addition to the requirements of Fed. R. Civ. P.
25  26(f)(3)(B), the parties must describe the discovery taken to date (if any), any proposed
26  limitations or modifications of the discovery rules, and any identified discovery disputes;

27    viii.    **Related Cases**: Any related cases or proceedings pending before
28  another judge of this court, or before another court or administrative body;

15cv1655-GPC (BLM)

1          ix.     **Scheduling**: Proposed dates for fact discovery cutoff, expert

2   designations and disclosures, expert discovery cutoff, filing of dispositive motions, filing class

3   certification motion (if class is alleged), pretrial conference and trial;

4          x.     **Professional Conduct**: Whether all attorneys of record for the

5   parties have reviewed Civil Local Rule 83.4 on Professionalism; and

6          xi.     **Miscellaneous**: Such other matters as may facilitate the just,

7   speedy and inexpensive disposition of this matter.

8         c.    Exchange initial disclosures pursuant to Rule 26(a)(1)(A-D) no later than

9   **May 5, 2016**.

10       7.    **Requests to Continue an ENE Conference**:  Local Rule 16.1(c) requires that

11   an ENE take place within forty-five (45) days of the filing of the first answer.  Requests to

12   continue ENEs are rarely granted.  However, the Court will consider formal, written, *ex parte*

13   requests to continue an ENE conference when good cause exists that make a continuance

14   appropriate.  In and of itself, having to travel a long distance to appear in person is not "good

15   cause."  Any request must be filed with the Court and served on opposing counsel.  **Absent**

16   **good cause, requests for continuances will not be considered unless submitted <u>in</u>**

17   **<u>writing</u> no fewer than seven (7) days prior to the scheduled conference**.

18       **IT IS SO ORDERED**.

19

20   Dated:  4/4/2016

21                   Hon. Barbara L. Major
                 United States Magistrate Judge

22

23

24

25

26

27

28

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that a U.S. Magistrate Judge of this district may, upon the consent of all parties, on Form 1A available in the Clerk's Office, conduct any or all proceedings, including a jury or non-jury trial, and order the entry of a final judgment.  Counsel for the plaintiff shall be responsible for obtaining the consent of all parties, should they desire to consent.

You should be aware that your decision to consent or not to consent is entirely voluntary and should be communicated solely to the Clerk of Court.  Only if all parties consent will the Judge or Magistrate Judge to whom the case has been assigned be informed of your decision.

Judgments of U.S. Magistrate Judges are appealable to the U.S. Court of Appeals in accordance with this statute and the Federal Rules of Appellate Procedure.

15cv1655-GPC (BLM)